Eyer *v.* Old Forge Boro. (Repp et al., Appellants).

Argued May 25, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Paul G. Collins* and *M. J. Martin,* with them *Ralph T. Lynch,* for appellants.

*Harold A. Scragg,* with him *Robert E. Scragg,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, September 26, 1932:

This case is likewise a companion of Scranton Electric Co. v. Boro. of Old Forge, in which the opinion is handed down herewith. The rulings there made are determina-

tive of the correctness of the order made by the court below on the facts disclosed by the record.

George Eyer, trading as Eyer & Company, in the years 1925 and 1926 advanced certain sums to the Borough of Old Forge; in 1925, $2,500; in 1926 the sums of $9,000 and $10,000. The advances were evidenced by notes of the borough, which recited that the money which they represented was advanced to it "in anticipation of the collection of taxes." In addition to this, the notes carried a financial statement of the borough showing that the assessed valuation for the years 1925 and 1926 was $4,000,000 and that the current revenues for the years in which the notes were given were about $60,000. The original notes were renewed from time to time until the year 1929, when the borough defaulted them and suits were brought thereon, which resulted in judgments against the borough. The intervenors sought unsuccessfully in the court below to have the judgments opened. The final renewal note for the sum of $10,000 now belongs to the Manufacturers Trust Company.

It is admitted that when the moneys were advanced to the borough and the notes given, its indebtedness exceeded the constitutional limit of two per cent of the assessed valuation. It is not denied that the borough received the moneys covered by the notes or that they were borrowed to meet current expenses and were to be paid out of current revenues which were in excess of the amount of the loans.

As the notes were given to secure money to meet current expenses and were made in anticipation of the collection of taxes and were to be paid out of current revenues which exceeded their amount, under the ruling made in the companion case of Scranton Electric Co. v. Boro. of Old Forge, the notes were valid obligations of the borough and the orders of the court below refusing to interfere with the judgments entered thereon are

Affirmed at the cost of appellants.